**IN THE COURT OF APPEALS OF IOWA**

No. 16-0633
Filed June 15, 2016

**IN THE INTEREST OF I.N.,**
**Minor child,**

**S.S., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Clay County, Charles K. Borth, District Associate Judge.

A mother appeals from the order terminating her parental rights to her child. **AFFIRMED.**

Michael L. Sandy of Sandy Law Firm, P.C., Spirit Lake, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Shawna L. Ditsworth of Ditsworth Law, Spirit Lake, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination by clear and convincing evidence. She also contends her parental rights should not be terminated because the child is in the care of a relative. Having found the State proved the grounds for termination of the mother's parental rights and no statutory exception to termination weighs against termination, we affirm the order terminating the mother's parental rights.[1]

**I. Background Facts and Proceedings.**

The child was three years of age in February 2015 when the mother was admitted to the hospital to give birth to another child and tested positive for methamphetamine and amphetamine. Although the mother claimed she had not used methamphetamine, the newborn child's meconium tested positive for methamphetamine and amphetamine. A hair sample obtained from the child at issue showed the child had also been exposed to methamphetamine. As a result, both children were removed from the home and placed in the care of the maternal grandmother and her husband, where they remained throughout the juvenile court proceedings. Both children were adjudicated in need of assistance in April 2015.

The mother was thirty-three years old at the time of termination. She began using methamphetamine when she was nineteen years old. Shortly after her children were removed from her care, the mother obtained a substance-abuse evaluation, but she never followed through with the recommended

---

[1] The father's parental rights were also terminated. He is not a party to this appeal.

treatment. The mother also exhibited paranoid behavior but failed to obtain a psychological evaluation and any corresponding treatment, as ordered by the court.

In December 2015, the mother lost control of the vehicle she was driving and nearly collided with a deputy sheriff's patrol car. After methamphetamine, a scale, scale weights, clear individual baggies, and other drug paraphernalia were discovered in the mother's possession, she was arrested and charged with failure to maintain control, operating while intoxicated, possession of drug paraphernalia, and possession of methamphetamine with intent to deliver (a class "C" felony). Those charges were still pending at the time of the termination hearing.

In February 2016, the State filed a petition seeking to terminate the mother's parental rights to the child at issue.[2] The mother did not appear at the March hearing. After the hearing, the juvenile court entered an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), (g), and (*l*) (2015). It is from this order that the mother appeals.

**II. Scope and Standard of Review.**

We review an order terminating parental rights de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's fact-

---

[2] Earlier, the State had filed a separate petition to terminate the mother's parental rights to her younger child. That termination hearing was held in December 2015. The court was advised the mother was in the courthouse, but was refusing to come into the courtroom to participate in the hearing. The order terminating the mother's parental rights was entered the following month. The termination of the mother's parental rights to that child is not at issue in this appeal.

findings, especially those concerning witness credibility.  *See id.*  We are not bound by them, however.  *See id.*

**III. Grounds for Termination.**

Although the juvenile court found clear and convincing evidence to terminate the mother's parental rights under four paragraphs of section 232.116(1), we need only find the evidence supports termination on one of these grounds to affirm.  *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We will uphold an order terminating parental rights if the statutory grounds for termination are shown by clear and convincing evidence.  *See id.* at 434.  This burden of proof is met if there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence.  *See id.* at 435.

Parental rights may be terminated under section 232.116(1)(f) where the following are found to have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not dispute the first three elements required for termination under section 232.116(1)(f) have been proved by clear and convincing evidence.  On appeal, she only challenges whether the child can be returned to her care.

Clear and convincing evidence shows the child cannot be returned to the mother's care.  The mother notes that although she was facing serious criminal

charges at the time of the termination-of-parental-rights hearing, she had not yet been convicted. Setting aside the likelihood of her conviction and the lengthy prison sentence that may result from it, the pending criminal charges are still relevant. Even if the mother's failure to follow through with the recommended treatment to address her long-documented substance abuse was not enough—standing alone—to show her substance-abuse problem continues to pose a threat to the child's safety,[3] the actions that led to the filing of criminal charges against the mother amply demonstrate the threat she poses to the child. The evidence shows the mother continues to use methamphetamine and engage in behavior, such as operating a motor vehicle while intoxicated, that poses a serious risk to the safety of others. Under the circumstances, the child cannot safely be returned to the mother's care at the present time.

The mother also claims the Iowa Department of Human Services (DHS) failed to contact her in the six months leading up to termination, which impacted her ability to resume care of the child. To the contrary, the record shows the mother failed to take advantage of the services offered to her, which is why she remains unable to provide the level of care necessary to safely parent the child. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" (citation omitted)). She failed to obtain the necessary treatment for her substance-abuse problem and to address her mental health needs. At the time of the termination-of-parental-

---

[3] It is.

rights hearing, the mother was in no better position to care for the child than she was at the time of the child's removal. This failure is of her own making.

**IV. Statutory Exceptions to Termination.**

The mother contends one of the exceptions to the termination of parental rights found in section 232.116(3) should be applied to preserve her relationship with the child. Under section 232.116(3)(a), the court need not terminate parental rights if the child is in the *legal* custody of a relative. The record here indicates that although the child was placed in the custody of relatives, legal custody remained with the DHS. Therefore, the exception found in paragraph (a) is inapplicable. *See A.M.*, 843 N.W.2d at 113.

The mother also maintains that the exception provided in section 232.116(3)(c) should also be applied to avoid termination of her parental rights. Under section 232.116(3)(c), the court is not required to terminate parental rights if there is clear and convincing evidence that termination would be detrimental to the child due to the closeness of the parent-child relationship. Although the record here shows the child has some bond with the mother, recognizing her as a parent and referring to her as "mom," the record does not support the claim that terminating the mother's parental rights would be detrimental to the child. Rather, the record shows the child is strongly bonded to the maternal grandmother and her husband, and the child enjoys "a very close bond" with the sibling who also resides in their home. At the time of the termination of the parent-child relationship, the child had been in the grandmother's home for over thirteen months. In contrast, the child only visited the mother every other week.

Under the record before us, we find no reason to apply the exception to termination found in section 232.116(3)(c).

The grounds for termination have been proved, and no statutory exception to the termination of parental rights applies. Accordingly, we affirm the order terminating the mother's parental rights to her child.

**AFFIRMED.**